### DOWNER vs. McVICKAR and others.

In the entitling of the affidavit of "no answer" in a foreclosure action, A and B were named as defendants although they had not been named in or served with the summons or complaint, and the affidavit was that no answer &c. had been served in the action thus entitled, and that notice of *lis pendens* had been filed in *that* action. On appeal by A, and by several of those who were served with the summons, from a judgment by default against them all, it was *held*, that the judgment as to A was erroneous, the court having gained no jurisdiction over him.

But the judgment as against the other appellants was affirmed, there being no pretense that there was any other action pending between the same mortgagee and mortgagor, and the fact that the affidavit was made part of the judgment roll in the case showing sufficiently in what action it was made.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to foreclose a mortgage. The summons and complaint named *Bagnall, McVickar* and several other persons as defendants, but neither *John Nazro* nor the *Bank of Milwaukee* was named in or served with the summons or complaint. The affidavit of "no answer" filed in the case, was entitled in an action in which all the defendants mentioned in the summons and complaint, and also *John Nazro* and the *Bank of Milwaukee*, were named as defendants. The affidavit was, that no answer or demurrer in the action in which the affidavit was *entitled*, had been served on the plaintiff, and that a notice of the pendency of *that* action had been duly filed, &c. No other proof of no answer, or of the filing of notice, was made, and judgment by default was entered against all the defendants named in the summons and complaint, together with *John Nazro* and the *Bank of Milwaukee. Bagnall, McVickar* and *Nazro* appealed.

*Waldo, Ody & Van* and *Jenkins & Hickox,* for appellants.

*J. Downer, pro se.*

May 15.     *By the Court,* COLE, J.  It was conceded by the respond-

ent on the argument, that judgment in this case was improp-
erly taken against the appellant *Nazro,* and the *Bank of Mil-*
*waukee.* It seems they were not named in the summons, nor
served with process, and it is obvious, therefore, that the
court acquired no jurisdiction over them. Indeed the re-
spondent stated that it was by mere inadvertance or mistake
that he took judgment against them. The *Bank of Milwau-*
*kee* has not appealed from the judgment, but *Nazro* has.
The judgment must therefore be reversed as to him, and
affirmed as to the other parties defendants below.

It was insisted that the judgment should be reversed al-
together, on account of an obvious mistake in the entitling
of the affidavit made by respondent that no answer had been
served by the defendants, and that he had filed notice of the
pendency of the action as required by law. In the entitling
of the affidavit, *John Nazro* and the *Bank of Milwaukee* are
named with the other defendants, and therefore it is said the
affidavit should not be regarded as made in the foreclosure
suit of *Downer vs. McVickar et al.* It is not pretended that
there are two foreclosure cases between *Downer* and *McVick-*
*ar,* with other and different persons, defendants. We hard-
ly think we should be warranted in holding that the judg-
ment was erroneous as to parties served with process, and
over whom, it is conceded, the court had jurisdiction, merely
because in entitling the affidavit, a mistake was made, and
one or two names were inserted which ought not to have been.
The question here is one of identity, and the fact that the
affidavit is attached to and made a part of the judgment
record, shows with sufficient certainty that it was made in
this particular cause.

But for the reason before stated, the judgment as to the ap-
pellant *Nazro* must be reversed, with costs, and affirmed as to
the other parties defendants.